FILED
SUPERIOR COURT
OF GUAM

2021 DEC 14 PM 12: 58

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH GUEVARA, SR., <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS BABAUTA, <br><br> Defendant. | Superior Court Case No. **CV0214-18** <br><br><br> **DECISION AND ORDER** <br> **RE CONTEMPT** |

Plaintiff Joseph Guevara, Sr., seeks to hold Defendant Thomas M. Babauta in contempt for failing to comply with the Court's November 20, 2019 Judgment which incorporated the parties' Mediation Agreement. Having considered the parties' arguments and the applicable law, the Court GRANTS Guevara's Motion for an Order to Show Cause and finds Babauta in contempt of Court.

### I. PROCEDURAL HISTORY

The parties mediated this civil dispute and reduced their negotiated terms to a Judgment and Mediation Agreement. J. (Nov. 20, 2019). The July 3, 2019 Mediation Agreement stated in relevant part:

Parties agree to:

1. Mr. Babauta agrees to reimburse Mr. Guevara the total of $21,000 to settle the case (case no.: CV0214-18).
2. Mr. Guevara, Sr. agrees to give Mr. Babauta up to October 2, 2019 (90 days) from July 5th, 2019, to identify a buyer to Lot 5, Tract 63007 . . . .
3. Proceeds from the sale of Lot 5, Tract 63007 will go to reimburse Mr. Geuvara [sic] Sr. $20,000 balance for Lot 2, Tract 63007.

ORIGINAL

\*\*\*

5.     In the event that Lot 5, Tract 63007 does not sell, plaintiff to pursue lawsuit.

J., Mediation Agreement.

Almost two years after the Judgment, Guevara moved for an Order to Show Cause asking to hold Babauta in contempt of court and impose sanctions for his failure to comply with the terms of the Mediation Agreement. Mot. (July 23, 2021). In particular, Guevara contends that Babauta has not identified a buyer for Lot 5, Tract 63007 (formerly lot 10102-17) Municipality of Yigo ("Lot 5"), or reimbursed Guevara $20,000.00 from the proceeds of the sale. *Id.* He further asserts that Babauta conveyed the property to a relative in violation of the Mediation Agreement and Judgment. *Id.*

No opposition was filed in response to the Motion. On September 1, 2021, the Clerk issued a Notice of Hearing on the Motion and served that Notice on counsel for Babauta. On September 10, 2021, the Court heard Guevara's Motion; neither Baubata nor his counsel appeared. Min. Entry (Sept. 10, 2021). Counsel for Guevara indicated that Babauta was served by mail, though he provided no evidence supporting his assertion. *Id.*

After hearing the motion on September 10, the Court determined it would issue the Order to Show Cause. The OSC, filed on September 14, allowed Babauta to file a written response by September 24 and scheduled an OSC hearing for September 29. OSC (Sept. 14, 2021). On September 28, an Affidavit of Service indicated that the Deputy Marshal served the OSC on September 27. Aff. Serv. (Sept. 28, 2021).

At the September 29 hearing, counsel for Babauta appeared and requested a continuance. Min. Entry (Sept. 29, 2021). The Court granted the request and continued the hearing to October 13. *Id.*

ORIGINAL

At the October 13 hearing, Babauta indicated that the original contract refers to a lot that he never owned. Min. Entry (Oct. 13, 2021). Nonetheless, he stated that he remains willing to sell Lot 5. *Id.* At the close of the hearing, the Court permitted Babauta to submit a brief by October 20. *Id.*

On October 20, Babauta filed his Declaration in Response to Order to Show Cause. He declared that he remains willing to sell Lot 5 in satisfaction of his obligations under the Mediation Agreement. Def.'s Decl. (Oct. 20, 2021). Joseph Ada, the successor-in-interest to Babauta in the subject property, also submitted a Declaration. Ada declared that he acquired Babauta's interest in the subject property and is willing to sell the property as originally intended by the parties. Joseph Ada Decl. (Oct. 20, 2021).

## II.    LAW AND DISCUSSION

As an initial matter, the Court addresses whether the strict notice and procedural safeguards required for finding a party in indirect contempt under 7 GCA § 34102(b) have been satisfied. Section 34102(b) requires that a notice of a contempt proceeding allow a reasonable time for the preparation of the defense. Moreover, section 34102(d) states that five calendar days' notice (excluding weekends and holidays) constitute sufficient reasonable notice.

Here, Babauta was served with the September 14 OSC on September 27, putting him on notice of the contempt hearing scheduled on September 29. Counsel for Babauta appeared at that hearing, and the Court granted his request to continue the hearing until October 13. Babauta appeared at the October 13 hearing, and the Court permitted him until October 20 to file a briefing. Babauta took advantage of the additional time and filed a Declaration in Response to Order to Show Cause and the Declaration of Joseph Ada in Support.

Based on the time between Babauta being served with the OSC--September 27--and the

ORIGINAL

October 13 hearing, the Court finds that Babauta had more than the statutory minimum amount of five calendar days to prepare for the hearing. The Court also finds that it provided Babauta additional time to present a defense by permitting him to file briefing following the hearing. Accordingly, the Court finds that it has satisfied the procedural requirements to find a party in indirect contempt of court under 7 GCA § 34102(b). *See* 7 GCA § 34102(b)-(d).

The Court next turns to whether Babauta should be held in contempt. Under Guam law, a party can be held in contempt of court when, by clear and convincing evidence, there is (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) a willful failure to comply with the order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. The Court finds that the first three prongs have been established. First, the parties agree that the Judgment and incorporated Mediation Agreement are valid. As to prongs two and three, Babauta concedes in his Declaration that he has knowledge of the Judgment/Mediation Agreement and that he can list Lot 5 for sale and equitably divide the proceeds of the sale. The latter assertion is supported by the present owner of Lot 5, Ada, who stated in his declaration that he is willing to sell the property as originally intended by the parties.

Turning to the final prong, Guevara asserts in his Motion that Babauta conveyed the property to his brother in order to avoid the Judgment. In opposition, Baubata points to ambiguities regarding the Lot that the Mediation Agreement requires him to sell. Specifically, he points to a 2017 Deed prepared by Guevara, which indicates that Babauta conveyed "Lot 2" to Guevara. *See* Def.'s Decl., Ex 1. Babauta contends that he never owned "Lot 2." *Id.* ¶ 3. In support of his assertion, he submitted a Certificate of Title indicating that Monique Torres is the owner of "Lot 2." *Id.* Ex. 3. He also points to the Mediation Agreement and claims that it states that Lot 5 is the property to be sold but also includes an "ambiguous reference to Lot 2...." *Id.* ¶

ORIGINAL

5.

Interpretation of a mediation agreement follows the rules of construction for contracts. The Court attempts to derive the parties' intent from the writing alone. *Blas v. Cruz*, 2009 Guam 12 ¶ 18; *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶ 8. Effect must be given to the mutual intent of the parties as expressed in the writing. *Leon Guerrero*, 2000 Guam 28 ¶ 8.

Upon reviewing the Mediation Agreement, the Court finds that the language is clear in that it required Babauta to sell Lot 5. *See* J. Considering that the Deed referenced by Babauta was executed two years prior to the Mediation Agreement and Babauta was the owner of Lot 5 when the parties entered into the Mediation Agreement, the Court does not find that Babauta's references to "Lot 2" support any an interpretation that Babauta was required to sell Lot 2. *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 52 ("a good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of establishing contempt"). Moreover, the Court does not find that Babauta took any steps to comply with his interpretation or clarify any ambiguities he may have interpreted under the Mediation Agreement. *See Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 78 (D.D.C. 2003) (holding that a party acts in "good faith" when they take "all reasonable steps within [their] power to comply with the court's order"). Instead, Babauta failed to identify a buyer in the ninety days required under the Mediation Agreement and has still failed to do so, over two years later. Furthermore, while the parties presented no evidence concerning the subsequent transfer of ownership in Lot 5 to Joseph Ada, it is undisputed that Babauta did not satisfy the Judgment from that conveyance.

Based on Babauta's failure to comply with the Mediation Agreement over two years after the parties entered into it, the Court finds that Babauta willfully failed to comply with the Court


ORIGINAL

Order. Accordingly, having found all of the prongs of contempt satisfied, the Court holds Babauta in contempt of court and subject to sanctions.

Guam's contempt statute states: "Any person found guilty of a contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 GCA § 34101(b). If convicted of a petty misdemeanor, "the court shall set a definite term [of imprisonment] not to exceed sixty (60) days." 9 GCA § 80.34(b). For a petty misdemeanor crime, the Court may impose a fine of Five Hundred Dollars ($500.00), or "Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender." 9 GCA § 80.50(e). The term "'loss' means the amount of value separated from the victim." 9 GCA § 80.50(e).

In considering the amount of a fine, the Court finds that Guevara has suffered a loss in the money he paid in attorney's fees and costs to litigate this matter. Accordingly, to compensate Guevara for the cost of bringing the present Motion, the Court awards attorney's fees and costs he incurred in bringing this action. *See Lamb*, 2008 Guam 2 ¶ 52; 9 GCA § 80.50(e). The Court also ORDERS that Babauta comply with the terms of the Mediation Agreement by finding a buyer for Lot 5 and satisfying the Judgment amounts owed to Guevara from the proceeds of the sale.

### III.     <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court finds that Defendant Thomas M. Babauta willfully failed to comply with the terms of the Mediation Agreement incorporated into the Judgment and therefore is in contempt of court.

As a penalty for its contempt, the Court awards Joseph Guevara, Sr. his attorney's fees and costs. Within twenty-one days of this Decision and Order, Guevara may submit a statement

regarding legal fees and costs incurred in connection with the Motion for Contempt. The Court permits Babauta twenty-one days to respond to the statement of fees and costs and permits Guevara seven days thereafter to file a Reply.

The Court also ORDERS Babauta comply with the terms of the Judgment/Mediation Agreement within ninety days of the entry of this Decision and Order.

SO ORDERED this 14th day of December 2021.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
P. Torres
M. Williams
Date:_____ Time: 12/14/21

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Phillip Torres, Esq., Torres Law Group, for Plaintiff Joseph Guevara, Sr.
Mark Williams, Esq., Law Offices of Mark E. Williams, P.C., for Defendant Thomas M. Babauta

ORIGINAL